FILED

2007 Mar-26  AM 10:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| VIRGIL WILLIAMS, JR., Individually and d/b/a Bama Stucco, Inc., )<br><br>  Plaintiff, )<br><br>vs. )<br><br>ST. PAUL TRAVELERS COMPANIES, INC., d/b/a St. Paul Fire & Marine Insurance Co.; JACKY SIMS; CHARLES O. SEALY, f/d/b/a Sealy Insurance Company, Inc., )<br><br>  Defendants. ) | CV 05-B-2297-W |

## MEMORANDUM OPINION

This case is presently pending before the court on Motion to Dismiss filed by defendant Charles O. Sealy, (doc. 9); Motion to Dismiss filed by defendant Jacky Sims, (doc. 10); Motion for Summary Judgment filed by St. Paul Fire and Marine Insurance Co., (doc. 11); Motion for Summary Judgment filed by defendant St. Paul Travelers Companies, Inc., (doc. 12); and Motion for Leave to File Third Amended Complaint filed by plaintiff Virgil Williams, Jr., (doc. 13). Plaintiff alleges claims arising from the alleged failure of St. Paul to provide a defense and indemnification to plaintiff. He claims breach of contract, misrepresentation, fraudulent suppression, and bad faith against defendant St. Paul Travelers Companies, Inc.; he alleges misrepresentation, fraudulent suppression, and breach of duty to procure insurance against defendants Sealy and Sims. Because defendants Sealy and Sims

submitted evidence with their Motions to Dismiss, the court converted those Motions to Motions for Summary Judgment.

Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that the Motion for Summary Judgment filed by St. Paul Fire and Marine Insurance, (doc. 11), is due to be denied as moot; the remaining Motions for Summary Judgment, (docs. 9, 10, and 12), are due to be granted; and plaintiff's Motion to Amend, (doc. 13), is due to be denied.

## I. <u>SUMMARY JUDGMENT STANDARD</u>

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing no genuine issue of material fact and that he is entitled to judgment as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Once the moving party has met his burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a motion for summary judgment, the court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury, and, therefore, evidence favoring the non-moving party is to be believed and all justifiable inferences are to be drawn in his favor. *See id.* at 255. Nevertheless, the non-moving party need not be given the benefit of every inference but only of every ***reasonable*** inference. *See Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## II. <u>STATEMENT OF FACTS</u>

Plaintiff Virgil Williams testified that "[i]n [his] capacity as owner of Bama Stucco, Inc., [he] sought the services of Sealy Agency, Inc., and John J. Sims, Jr., (Jacky) for the purpose of procuring liability insurance for [his] business. In or around March 1994, Virgil Williams, Jr., obtained a policy of liability insurance with USF&G . . . ." (Doc. 18, Aff. at 1.) In his Complaint, he contends that he purchased an insurance policy from defendant St. Paul Travelers Companies Inc. [hereinafter "Travelers"], doing business as St. Paul Fire and Marine Insurance Company [hereinafter "Fire and Marine"]. (Doc. 1, Complaint, ¶¶ 3, 16; *id.*, First Amended Complaint, ¶ 1.)

Defendant Sealy sold all the assets of Sealy Insurance Agency, Inc. to Fitts Agency, Inc., on November 8, 1993. (Doc. 9, Ex. A ¶ 6.) After that date, Sealy Insurance Agency stopped doing business. (*Id.* ¶ 8.) Plaintiff alleges that defendant Sims was acting as an

3

agent of Sealy Insurance Agency.  (Doc. 1, Complaint ¶ 9.)  However, Sims has testified that he was not an employee of Sealy Insurance Agency in 1993 or thereafter, including the time plaintiff alleges he procured the policy at issue.  (Doc. 10 ¶ 7.)

In his original Complaint, plaintiff alleged that Travelers, doing business as Fire and Marine, issued him an insurance policy, (doc. 1 ¶¶ 10, 16-17); however, the evidence appears undisputed that USF&G issued the policy.  (*See* doc. 13 ¶10 and Ex. F ¶ 3; doc. 18, Aff. at 2.)

Charles and Vera Richardson hired Bama Stucco to install stucco on their home.  (Doc. 18, Aff. at 1-2.)  Plaintiff testified he completed the work on the Richardsons' home in May 1994.  (*Id*. at 2.)  The Richardsons sued plaintiff in 2003, alleging defective installation of a synthetic stucco in 1996.  (Doc. 13, Ex. A ¶¶ 2, 3.)

Williams testified:

> I contacted Sealy Insurance Agency to advise them of the lawsuit.  I was advised to contact USF&G.  I contacted USF&G and they advised me that, due to a merger between USF&G and St. Paul, I was to contact Cheryl Nunn of St. Paul Insurance Company.  I spoke with Cheryl Nunn of St. Paul Insurance Company.  She never indicated that my policy of insurance was not with St. Paul.  Indeed, she provided me with a claim number for my claim.  She never indicated that any policy of insurance had been cancelled for non-payment.  I was not provided with a defense, and as a result, the Richardsons took a default judgment against me in the amount of $586,620.

(Doc. 18, Aff. at 2.)

The record contains evidence that USF&G issued Bama Stucco a policy and that this policy was terminated effective April 22, 1995, for non-payment of premium.  (Doc. 12, Ex.

A, att.)  USF&G had no relationship with Travelers or Fire and Marine before 1998.  (*Id.*, Ex. B ¶ 2.)  Fire and Marine is a subsidiary of Travelers.  (*Id.*) Travelers is not an insurance company and does not issue insurance policies.  (*Id.* ¶ 1.)

On September 9, 2005, plaintiff filed this action in the Circuit Court of Tuscaloosa County.  (Doc. 1, Civil Action Cover Sheet.)  On November 23, 2005, USF&G filed a declaratory judgment action in the court, naming plaintiff, Bama Stucco, and the Richardsons as defendants,[1] and seeking a determination of its rights and duties under the policy issued to Bama Stucco.  *United States Fidelity and Guaranty Company  v. Williams*, CV 05-TMP-2438-W, doc. 1 ¶ 1  (N.D. Ala. Nov. 23, 2005).

## III.  DISCUSSION

### A.  ST. PAUL FIRE AND MARINE INSURANCE

Fire and Marine Insurance is a subsidiary of Travelers.  (Doc. 12, Ex. B ¶ 2.) However, it has not been named as a defendant in this case, although plaintiff names Travelers "doing business as" Fire and Marine in his Complaint.  (Doc. 1, Complaint.) Because it is not a party to this case, this court has no power to enter a binding judgment against St. Paul Fire and Marine Insurance.  *See Steans v. Combined Ins. Co. of America*, 148 F.3d 1266, 1271 (11th Cir. 1998)("We are confident that a district court cannot enter a judgment purporting to bind nonparties over whom it does not have jurisdiction . . . .").

---

[1]USF&G also named Tom Chambers Construction Inc. as a defendant.  *USF&G*, CV 05-TMP-2438-W, doc. 1.

Therefore, its Motion for Summary Judgment, (doc. 11), is due to be denied as moot.

## B.  CHARLES O. SEALY AND JACKY SIMS

Defendants Sealy and Sims contend that they are entitled to judgment as a matter of law based upon the fact that they did not participate in Williams's purchase of the policy at issue in this case.  Sealy contends he had sold Sealy Insurance Agency prior to the time plaintiff alleges he purchased the insurance policy at issue.  (Doc. 1, Ex. E ¶ 1; Doc. 9, Ex. A ¶ 6.)  Sims contends that he did not act as Sealy's agent after Sealy sold his insurance agency.  (Doc. 1, Ex. B ¶ 7; Doc. 10, Ex. A ¶ 7.)  Both contend that they were not involved in selling the policy at issue to Williams.  (Doc. 1, Ex. B ¶ 8; doc. 1, Ex. E ¶¶ 7, 10).

In response to the Motions filed by Sealy and Sims, Williams states only that he "sought the services of Sealy Agency and John [Jacky] Sims for the purpose of procuring liability insurance for Bama Stucco."  (Doc. 17 at 1-2.)  He has not submitted substantial evidence or argument to rebut the testimony of Sealy and Sims that they were not involved in the sale of the insurance policy at issue or that they were not selling insurance at the time plaintiff alleges he purchased the insurance.

The court also notes that plaintiff has not filed a Motion to Remand, challenging Travelers' assertion that Sims and Sealy were fraudulently joined.  Also, his counsel,  at a status conference, conceded that he had no evidence that Sealy and Sims should remain defendants in this action.  Based on the undisputed affidavits of Sealy and Sims, which were

submitted with Travelers's Notice of Removal, the court finds that they are fraudulently joined. *See Legg v. Wyeth*, 428 F.3d 1317, 1322-23 (11th Cir. 2005).

Based on the foregoing, the court finds there are no disputed issues of fact and  Sealy and Sims are entitled to judgment as a matter of law.  The court finds that Sealy and Sims were fraudulently joined and that their Motions for Summary Judgment, (docs. 9 and 10), are due to be granted.

## C.  ST. PAUL TRAVELERS COMPANIES

Plaintiff filed a Motion for Leave to File a Third Amended Complaint, seeking the court's permission to substitute USF&G for Travelers on the ground that USF&G was the proper defendant, not Travelers.  (Doc. 13.)  Such motion operates as a motion to voluntarily dismiss St. Paul Travelers.  *See also Pedrina v. Chun*, 987 F.2d 608, 610 (9th Cir. 1993)(dropping defendant from amended complaint constituted a voluntary dismissal of defendant pursuant to Fed. R. Civ. P. 41(a) dismissal); *Neifeld v. Steinberg*, 438 F.2d 423, 430 (3d Cir. 1971)(court held that amended answer that did not include counterclaim was "equivalent of a motion for a voluntary dismissal of [the] counterclaim"); *Cavalino v. Cavalino*, 601 F.Supp. 74, 76 (N.D. Ga. 1984)("The motion to amend the complaint does not seek to add anything new to the complaint but instead seeks to dismiss Counts II through VI. Although Rule 15 of the Federal Rules of Civil Procedure is not by its terms limited to amendments which add rather than delete matters, the court believes plaintiff's motion is more appropriately brought under Rule 41(a)(2).").  The court deems plaintiff's Motion for

Leave to File a Third Amended Complaint, (doc. 13), which seeks to eliminate Travelers as a defendant, is the equivalent of a motion to dismiss Travelers.

Also, the court notes that plaintiff argues that Travelers' Motion for Summary Judgment should be denied as to the breach-of-contract and bad-faith claims.  He argues:

> It is undisputed that the Defendant did not provide the Plaintiffs with a defense and, as a direct result, the Richardsons' took a default judgment against them in the amount of $586,620.  If the Defendant is estopped from asserting conditions of, or exclusions from, coverage, the Plaintiff would be entitled to a directed verdict on their breach of contract claim and, consequently, genuine issues of material fact exist that preclude the entry of summary judgment as to their claims for breach of contract and bad faith.

(Doc. 17 at 11.)  However, as plaintiff concedes in his Motion for Leave to File Third Amended Complaint, USF&G, not Travelers, issued the insurance policy at issue in this case. (Doc. 13 ¶ 10.)  As it is not a party to the insurance policy, Travelers cannot be held liable for any breach of the terms of the policy or for any alleged bad faith related to the breach of that policy.  *See Ex parte Dickinson*, 711 So. 2d 984, 989 (Ala. 1998)("It is hornbook contract law that someone who is not a party to a contract cannot be bound by the contract." (quoting *Lakeshore Drive Recreation Club, Inc. v. United States Fidelity & Guaranty Co.*, 398 So. 2d 278, 284 (Ala. 1981)(Torbert, C.J., dissenting)))(internal quotations omitted); *Pontius v. State Farm Mut. Auto. Ins. Co.*, 915 So.2d 557, 564 (Ala. 2005)("Where a legitimate dispute exists as to liability . . . a tort action for bad faith refusal to pay a contractual claim will not lie." (quoting *Bowers v. State Farm Mut. Auto. Ins. Co.*, 460 So.2d 1288, 1290 (Ala.1984)))(internal quotations omitted).

8

The court finds that plaintiff has abandoned his claims of misrepresentation and suppression by failing to address these claims in his response to Traveler's Motion for Summary Judgment. *See Smith v. International Paper Co.*, 160 F. Supp. 2d 1335, 1347 (M.D. Ala. 2001)(citing *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir.), *cert. denied* 516 U.S. 817 (1995)).

Based on the foregoing, the court finds that there are no disputed issues of fact and that Travelers is entitled to judgment as a matter of law. Therefore, Travelers's Motion for Summary Judgment is due to be granted.

## D. MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

Plaintiff has filed a Motion for Leave to File Third Amended Complaint, in which he seeks to substitute USF&G for defendant Travelers. (Doc. 13.) USF&G filed a declaratory judgment action in this court against plaintiff that seeks to resolve all coverage issues. *See United States Fidelity and Guaranty Company v. Williams*, CV 05-TMP-2438-W (dismissed with prejudice January 30, 2007).

Plaintiff alleges that he first became aware that USF&G issued the policy at issue on April 7, 2006. However, the court notes that he was on notice that USF&G issued the policy as early as November 2005, when he received Travelers's Notice of Removal, (doc. 1 at 5), but not later than January 23, 2006, when plaintiff filed a Motion to Dismiss in *United States Fidelity and Guaranty Company v. Williams*, CV 05-TMP-2438-W, doc. 14.

Therefore, the court declines to allow plaintiff's to amend his Complaint in this case.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that there are no material facts in dispute and defendants are entitled to judgment as a matter of law.  An Order granting defendants' Motions for Summary Judgment, (docs. 9, 10, and 12); denying as moot Fire and Marine's Motion for Summary judgment, (doc. 11); and denying plaintiff's Motion for Leave to File Third Amended Complaint, (doc. 13), will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this the 26th day of March, 2007.


SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE